## In re LAZARUS.

District Court, M. D. North Carolina. March 1, 1928.

No. 6.

**Bills and notes ⬤▬92(1)—Capital furnished partner by copartner held sufficient consideration for note for less than half of past and future losses.**

Capital furnished partner by copartner to continue business *held* sufficient consideration to support note, executed by former partner and his father, for half of past and future losses, which exceeded amount of note.

Appeal from Decision of Referee.

In the matter of the bankruptcy of W. Lazarus. From a decision of the referee, disallowing the claim of Stein Bros., they appeal. Reversed, with direction.

Hoyle & Hoyle, of Sanford, N. C., for appellants.

HAYES, District Judge. The petitioners, J. Stein and K. Stein, trading as Stein Bros., filed a claim against the bankrupt's estate in the sum of $6,000, evidenced by a note as follows:

"$6,000.00.     Fayetteville, N. C., Jan. 4, 1926.

"On demand after date we promise to pay to the order of Stein Brothers at Lafayette Bank & Trust Company, of Fayetteville, N. C., the sum of six thousand dollars, negotiable and payable at said bank, with interest after maturity if unpaid, at the rate of six per cent. per annum, payable semiannually, for value received, being for money borrowed, and the subscribers and indorsers hereby agree to continue and remain bound for the payment of this note and all interest thereon, notwithstanding any extension of time that may be granted, and notwithstanding any failure or omission to protest this note for nonpayment or to give notice of nonpayment or dishonor or to protest or to make presentment or demand for payment, hereby expressly waiving any protest and any and all notice of any extension of time or of non-payment or dishonor or protest in any form, or any presentment or demand for payment, or any other notice whatever."

"[Signed]     W. Lazarus.     [Seal.]
               "I. Lazarus.      [Seal.]"

Objection was made to the filing of the claim, and the referee heard the evidence and made the following finding of facts:

"(1) That prior to January 4, 1926, Stein Bros., of Fayetteville, N. C., established a women's clothing shop at Sanford, and that I. Lazarus, son of W. Lazarus, was in charge thereof, and was a full one-half partner therein; that all the capital was furnished by Stein Bros., and I. Lazarus was to furnish his services, receive a salary of $35 a week and one-half of the profits accruing therefrom, and I. Lazarus furnished no money or capital. All outstanding debts were paid by J. and K. Stein.

"(2) That on January 4, 1926, when this business had been conducted for approximately one year, it showed a loss of about $5,000; and at that time Stein Bros. proposed and intended to close out and liquidate the same, and except, for the execution of the note hereinafter described, would at said time have closed out and liquidated the same.

"(3) That on January 5, 1926, I. Lazarus and W. Lazarus desired the business continued, and, for the purpose of having the same continued, agreed to execute and did execute the note offered for allowance in the sum of $6,000, signed by the said I. Lazarus and W. Lazarus, the bankrupt, upon an agreement that it was to cover one-half of the losses theretofore accruing, and one-half of any loss that might thereafter accrue while I. Lazarus was connected with the said business and collectible to such one-half loss, and delivered the said note to the said Stein Bros.

"(4) That I. Lazarus continued to be connected with said business until July 6, 1926, when his connection ceased, at which time one-half of the net losses of said business amounted to more than the sum of $6,000.

"(5) That said I. Lazarus was and is insolvent and has no property or assets of any kind."

The referee held that the note was not supported by a sufficient consideration to constitute a valid indebtedness as to W. Lazarus. The claimants filed a petition for review, and requested that the facts be transmitted to this court for its opinion thereon.

There is no exception to the findings of facts, and it is assumed that there was evidence to support the facts found. There is nothing to indicate that I. Lazarus was liable for one-half of the loss sustained in the business adventure by him and Stein Bros., wherein Stein Bros. furnished the capital and I. Lazarus performed the services.

We may assume that on January 4, 1926, I. Lazarus was not indebted to Stein Bros., on the theory that the claimants failed to show an agreement on the part of I. Lazarus, prior to that time, to bear one-half of the loss. However, a new contract was entered into on January 4, 1926. I. Lazarus wanted

to continue the business in the hope of making money. He was without capital. Stein Bros. had it, but refused to furnish it. As an inducement to Stein Bros. to furnish this capital, and in order to give I. Lazarus employment at $35 per week and one-half of the profits accruing from a continuation in business, he and his father, W. Lazarus, the bankrupt, agreed to and did execute to Stein Bros. the note set out above, whereby they assumed payment of the $2,500, his half of the $5,000 loss, and of an additional $3,-500 loss in the event his half of the loss in the future should amount to that sum. The furnishing of the capital by Stein Bros. to I. Lazarus under the facts is sufficient consideration to support the note by W. Lazarus. This capital would not have been furnished, if W. Lazarus had not executed this note, which is sufficient consideration to bind W. Lazarus. The makers of the note would not be responsible for more than the actual loss sustained under the contract.

Again, the findings of facts settle this question, because it is found that I. Lazarus' half of the loss exceeded the sum of $6,000, and that this loss was paid by Stein Bros. The unliquidated loss of $3,500 has been determined by the finding of the referee, to which there is no exception.

The order of the referee is reversed, and he is directed to allow the claim of Stein Bros. to be filed and proved as an unsecured claim against the bankrupt.